**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

VINCEL KING CHAMBERS,              )
                                   )
      *Plaintiff,*               )
                                   )
v.                                 )   No. 4:25-cv-01639-JMD
                                   )
CITY OF ST. LOUIS, et al.,         )
                                   )
      *Defendants.*             )

## ORDER OF DISMISSAL

This matter is before the Court on review of Plaintiff Vincel King Chambers's application to proceed *in forma pauperis*. ECF 8. Plaintiff instituted this action on October 31, 2025, by filing a complaint, ECF 1, and an application to proceed *in forma pauperis*, ECF 3. Plaintiff did not provide an inmate account statement, so the Court denied his application and directed him to, within 30 days, "either pay the $405 filing fee in full, or file a new and fully-completed application that is accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint." ECF 7 at 1. The Court warned Plaintiff that failure to comply with the order would "result in the dismissal of this action without prejudice." *Id.* at 2.

In response, Plaintiff filed a new application, ECF 8, and a printout of his account activity for the period August 10, 2025, through March 10, 2026, ECF 9. However, Plaintiff's filing fails to comply with the Court's order in at least two ways. First, Plaintiff's printout of what he says is his account activity is not a "certified copy" of his inmate account statement, 28 U.S.C. § 1915(a)(2), so the Court cannot assess its veracity. Second, the printout does not cover the account activity for "the 6-month period immediately preceding the filing of the complaint," *id.*, that is, the six-month period immediately preceding October 31, 2025. Plaintiff has not attempted to explain either of these deficiencies. "As

courts consistently note, Congress wrote section 1915 in mandatory terms." *Bowman v. Unknown*, No. 2:25-cv-00002-RHH, 2025 WL 1233854, at *1 (E.D. Mo. Apr. 29, 2025) (collecting cases).    That a prisoner's "trust fund account statement (or institutional equivalent)" be a "certified copy," and that it be for the six-month period "immediately preceding the filing of the complaint," are both required by 28 U.S.C. § 1915(a)(2).  The Court's prior order clearly stated what Plaintiff must file.  Because Plaintiff failed to provide the account statement as required by the Court's order, and as required by § 1915(a)(2), he failed to comply with the Court's order.

Because Plaintiff has failed to comply with the Court's order, the Court will dismiss this case without prejudice.  *Haley v. Kan. City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court.").  Because the Court dismisses this case without prejudice, nothing about this order prohibits Plaintiff from bringing the same claims he brought here in a new suit.  If Plaintiff wishes to proceed *in forma pauperis* in a new suit, he must file a certified copy of his inmate account statement for the six months immediately preceding that new litigation, as required by § 1915(a)(2).[1]

---

[1] The Court notes that dismissing this case without prejudice might make it easier for Plaintiff to comply with the requirements of § 1915(a)(2).  It appears that Plaintiff may have been incarcerated in three different facilities during the six-month period immediately preceding October 31, 2025.  *See* Compl. at 2, *Chambers v. Thompson*, No. 4:25-cv-00530-MTS (E.D. Mo. Apr. 16, 2025), ECF 1 (stating Plaintiff's institution as the St. Louis County Justice Center); Notice of Change of Address at 1, *Chambers*, No. 4:25-cv-00530-MTS (E.D. Mo. May 13, 2025), ECF 4 (notifying the Court of a change of address to the Eastern Reception, Diagnostic and Correctional Center); Notice of Change of Address at 1, *Chambers*, No. 4:25-cv-00530-MTS (E.D. Mo. Sept. 4, 2025), ECF 8 (notifying the Court of a change of address to the St. Louis City Division of Corrections); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records . . . .").  Section 1915(a)(2) requires a "certified copy" of the trust fund account statement "obtained from the appropriate official of each prison at which the prisoner is or was confined."  Thus, to comply with § 1915(a)(2) here, Plaintiff would need to file a certified copy of his trust fund account statement (or institutional equivalent) from each of the

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District

Court without Prepaying Fees or Costs, ECF 8, is **DENIED** without prejudice as moot.

Dated this 11th day of August, 2026.

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

---

facilities he was confined at during the six months immediately preceding October 31, 2025. However, if Plaintiff has only been incarcerated in one prison during the six months immediately preceding him bringing his claims again as a new suit, then he will need to file only one certified copy of his trust fund account statement.